## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JINELLE GRIFFIN, as pending Administrator of the Estate of ZAIDA SANCHEZ, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>PHILLIPS & COHEN ASSOCIATES, LTD.,<br><br>Defendant(s). | Civil Case No.:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, JINELLE GRIFFIN, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, PHILLIPS & COHEN ASSOCIATES, LTD. ("PHILLIPS & COHEN"), and John Does 1-25 their employees, agents, and successors (collectively "Defendants") the following:

### PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person, a resident of Bronx County, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      PHILLIPS & COHEN maintains a location at 1004 Justison Street, Wilmington, Delaware 19801.

8.      Upon information and belief, PHILLIPS & COHEN uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      PHILLIPS & COHEN is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.      John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.      Plaintiff brings this action as a statewide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New York

consumers and their successors in interest (the "Class"), who were subject to collection attempts which are in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a class action. The Class is initially defined as:

> All New York consumers who were sent letters and/or notices from PHILLIPS & COHEN ("See Exhibit A"), which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form of conduct;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.     Whether the Defendants violated various provisions of the FDCPA;

    b.     Whether Plaintiff and the Class have been injured by the Defendants' conduct;

c.     Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.     Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without

remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.    At some time prior to February 2, 2022, ZAIDA SANCHEZ allegedly incurred a financial obligation ("Obligation").

16.    The Obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.    ZAIDA SANCHEZ incurred the Obligation by obtaining goods and services which were primarily for personal, family and household purposes.

18.    The Obligation did not arise out of a business transaction.

19.    The Obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20.    ZAIDA SANCHEZ passed away in August 2021.

21.    In March 2022, Plaintiff sought and filed the appropriate paperwork to be appointed as the administrator of the Estate of ZAIDA SANCHEZ.

22.    Sometime prior to February 2, 2022, the Obligation was assigned, placed, or transferred, either directly or through intermediate transactions, to PHILLIPS & COHEN for the purpose of collection.

23.     At the time that the Obligation was placed or transferred to PHILLIPS & COHEN, it was in default.

24.     PHILLIPS & COHEN caused to be delivered to Plaintiff a letter dated February 2, 2022, which was addressed to The Estate of ZAIDA SANCHEZ.  A copy of said letter is annexed hereto as **Exhibit A**.

25.     The February 2, 2022 letter was sent in connection with the collection of the Obligation.

26.     The February 2, 2022 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27.     Upon receipt, Plaintiff read the February 2, 2022 letter.

28.     The February 2, 2022 letter stated in part:

> We are seeking to locate the Executor, administrator, or the individual who is authorized to pay **the outstanding bills of the late ZAIDA SANCHEZ** from assets of the estate.  If you are the authorized individual or have this information, please contact our office at 866-654-5605 (TTY Dial 711) or the address above.
>
> As an alternative, you can visit www.Estate-Serve.com.  Estate-Serve™ is offered as a convenience for the Executor, administrator or individual(s) authorized to pay **the outstanding bills of ZAIDA SANCHEZ** to provide information online, eliminating the need to make a phone call unless you wish to do so.
>
> …
>
> Please be advised, and be assured, that we recognize that only the Estate is responsible for paying **any outstanding bills of the late ZAIDA SANCHEZ**.

29.     The February 2, 2022 letter communicated to persons other than the Estate of ZAIDA SANCHEZ that a debt was owed by the Estate of ZAIDA SANCHEZ ("outstanding bills of the late ZAIDA SANCHEZ").

30.     The February 2, 2022 letter does not contain any notices advising Plaintiff that PHILLIPS & COHEN is a debt collector, attempting to collect a debt and that any information obtained will be used for that purpose as required by 15 U.S.C. § 1692e(11).

31.     The February 2, 2022 letter does not contain any of the notices required by 15 U.S.C. § 1692g(a)(3) through (5).

32.     PHILLIPS & COHEN knew or should have known that its actions violated the FDCPA.

33.     PHILLIPS & COHEN could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

34.     It is Defendants' policy and practice to violate the FDCPA, by *inter alia*:

    (a)    Communicating to persons other than the consumer that any debt is owed by the consumer;

    (b)    Improperly communicating with third parties in connection with the collection of any debt; and

    (c)    Using false, deceptive or misleading representations or means in connection with the collection of a debt.

35.     On information and belief, there are at least 50 natural persons in the state of New York within one year of this Complaint who were subject to the conduct complained of herein.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

36.     Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

37.     As described herein, Defendant violated 15 U.S.C. §1692b et seq.

38.     As described herein, Defendant violated 15 U.S.C. §1692b(2).

39.     As described herein, Defendant violated 15 U.S.C. §1692c(b).

40.     As described herein, Defendant violated 15 U.S.C. §1692d.

41.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

42.     Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

43.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

44.     Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

45.     Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

46.     Plaintiff has suffered damages and other harm as a direct result of the Defendant's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest;

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: March 24, 2022

_s/ Joseph K. Jones_
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Plaza
60 East 42nd. Street, 46th Floor
New York, NY 10165
(646) 459-7971 telephone
(646) 459-7973 facsimile
jkj@legaljones.com

### **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

_s/ Joseph K. Jones_
Joseph K. Jones, Esq.

# Exhibit

# A

Phillips & Cohen Associates, Ltd.
Mail Stop: 846
1004 Justison Street
Wilmington, DE 19801

CHANGE SERVICE REQUESTED



**PHILLIPS & COHEN**
ASSOCIATES LTD.

Ph 866-654-5605 • TTY Dial 711 • mail@phillips-cohen.com
Office Hours: M-Th: 8am-9pm; Fri: 8am-6pm EST
Sat: 8am-12pm EST

February 2, 2022

**The Estate of:**
ZAIDA    SANCHEZ

Reference #:
PIN#:

To the Estate of ZAIDA    SANCHEZ:

Our client recently received notification that ZAIDA    SANCHEZ has passed away.  On behalf of our client and our office, please accept our condolences.

We are seeking to locate the Executor, administrator, or the individual who is authorized to pay the outstanding bills of the late ZAIDA    SANCHEZ from assets of the estate. If you are the authorized individual or have this information, please contact our office at 866-654-5605 (TTY Dial 711) or the address above.

As an alternative, you can visit **www.Estate-Serve.com.** Estate-Serve™ is offered as a convenience for the Executor, administrator or individual(s) authorized to pay the outstanding bills of ZAIDA    SANCHEZ to provide information online, eliminating the need to make a phone call unless you wish to do so. When accessing Estate-Serve.com, please use Reference Number 25955081 and PIN 2985.

If accessing the site via a mobile device, simply scan the QR Code in the lower right hand corner of this letter.

Please be advised, and be assured, that we recognize that only the Estate is responsible for paying any outstanding bills of the late ZAIDA    SANCHEZ. Thank you for your assistance.

Sincerely,
Phillips & Cohen Associates, Ltd.





A Reputation for
Service since 1997



BCSPCAL04300112_190420074